John C. Wynne (Bar No. 83041)
wynne@dsmw.com
Douglas W. Lytle (Bar No. 178315)
lytle@dsmw.com
**DUCKOR SPRADLING METZGER & WYNNE**
A Law Corporation
3043 4th Avenue
San Diego, California 92103
(619) 209-3000; (619) 209-3043 fax

Attorneys for Plaintiff, Mad Media LLC, a
California limited liability company

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mad Media LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>Brad Briscoe dba Bradmadmedia, and DOES 1 through 20, inclusive,<br><br>        Defendants. | CASE NO.:  **'13CV2018 AJB NLS**<br><br>COMPLAINT FOR VIOLATIONS OF THE LANHAM ACT 15 U.S.C. §1125(a), UNFAIR COMPETITION, TRADE NAME INFRINGEMENT, SERVICE MARK INFRINGEMENT, VIOLATIONS OF BUSINESS & PROFESSIONS CODE §17200 ET SEQ., DECLARATION OF RIGHTS AND TRADEMARK CANCELLATION, AND DEMAND FOR JURY TRIAL |

Plaintiff Mad Media LLC (dba and hereafter referred to as "Mad Media") alleges as follows:

### JURISDICTION AND VENUE

1.      This is a civil action for damages and injunctive relief under Section 43(a) of the Lanham Act, as amended, 15 U.S.C. §1125(a), and pursuant to related California statutes and common law.  This Court has subject matter jurisdiction

pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1131, 1138(a) and (b).  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

2.   Venue is proper under 28 U.S.C.A. §1391 in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

### Plaintiff

3.   Plaintiff Mad Media is a California limited liability company with its principal place of business located at 2554 Pahvant Street, Oceanside, County of San Diego, California.  It was founded in the 1990s by Matt Martelli, and later was registered as a limited liability company with the California Secretary of State.

4.   Plaintiff Mad Media is a multidisciplinary marketing and creative firm providing marketing, advertising, design and brand development services across multiple and evolving mediums, such as print, web, video, film, and television. Mad Media's services include, but are not limited to, production of film and video content distributed via the internet, DVD, television commercials, and web-based viral films for a range of well-known brands, as well as for professional athletes, musicians, and artists.

5.   Since its founding, Mad Media has continuously used MAD MEDIA as a trade name and within its trade names.  Mr. Martelli filed a fictitious business name statement for the trade name MAD MEDIA with the County of San Diego as document number 1998-022492 on or about August 31, 1998.  In May 2002, Mr. Martelli also filed a fictitious business name statement with the County of San Diego, FBN No. 2002-014152 for MAD MEDIA DESIGN & ADVERTISING.  On August 13, 2009, he filed a fictitious business name statement with the County of San Diego, FBN No. 2009-023430, for MAD MEDIA, MAD MEDIA DESIGN AND ADVERTISING, and also for MAD MEDIA MANAGEMENT.

Mad Media LLC v. Brad Briscoe, etc., et al.
Case No. _____

6.    Throughout its history, Plaintiff has used MAD MEDIA and MADMEDIA as word marks and within stylized marks to identify and distinguish its services.  Examples of Plaintiff's marks are shown on **Exhibit 1** hereto, which is incorporated herein by this reference.  Samples of Plaintiff's prior and continuous use of its trade names and marks in commerce are shown in attached **Exhibit 2**, which is incorporated herein by this reference.

7.    Mad Media uses its trade names, and advertises and promotes its services globally under the marks MAD MEDIA and MADMEDIA on its websites (madmedia.com, madmediafilms.com, and madmediadesign.com), and within its addresses, headings, and identifiers on YouTube, Myspace, Twitter, Facebook, and other social media outlets.

**<u>Defendants</u>**

8.    On information and belief and based thereon, Defendant Brad Briscoe is an individual residing in St. Charles, Missouri.

9.    On information and belief and based thereon, Defendant Briscoe is doing business under the name and mark BRADMADMEDIA, offering and providing advertising and publicity services, including promoting goods, services, brand identity, and commercial information and news of third parties through print, audio, video, digital, and on-line media.  Attached as **Exhibit 3** is Bradmadmedia's portfolio showing the similarity in services.

10.    On information and belief and based thereon, Defendant Briscoe maintains Bradmadmedia locations and does business in California, including in Long Beach and San Francisco, as shown on the attached **Exhibit 4**.

11.    On information and belief and based thereon, Defendant Briscoe is the registrant and operator of a website at www.bradmadmedia.com.  The website describes the services and contains a work portfolio of Bradmadmedia.

12.    On information and belief and based thereon, in connection with Bradmadmedia, Defendant Briscoe also is the registrant and operator of a

Mad Media LLC v. Brad Briscoe, etc., et al.
Case No. _____

companion website at www.madfunzone.com, at which Defendant also advertises and promotes Bradmadmedia services, and uses "Mad Media" alone, as shown in attached **Exhibit 5**.

13.    On information and belief, Defendant Briscoe's websites also link to social media wherein Defendant further promotes the business and services using Bradmadmedia, including without limitation, at the following:

        a.    Twitter (www.twitter.com/bradmadmedia)

        b.    YouTube (www.youtube.com/user/bradmadmedia), and

        c.    LinkedIn (www.linkedin.com/company/bradmadmedia and www.linkedin.com/in/bradbriscoe)

14.    Defendant's use of "Mad Media" alone and within Bradmadmedia to identify, market, and promote his Bradmadmedia business and services is without authorization or permission from Mad Media, and was commenced many years after Plaintiff adopted Mad Media as a trade name and established its distinctive MAD MEDIA service mark.

15.    In or about August 2011, Brad Briscoe contacted Mad Media at its offices in Oceanside, California, to inquire about potential employment opportunities.  Mad Media responded that there were no openings, and requested that Brad Briscoe cease using "Mad Media" or Bradmadmedia in violation of Plaintiff's established trade name and common law trademark rights.  Defendant Briscoe responded in writing on or about August 4, 2011, stating: "To offer this clarification - My sole purpose for creating bradmadmedia is for self-promotion to acquire a full time job."  He continued, "The bradmadmedia.com site holds my personal resume, portfolio and other examples I have personally created as an employee of those companies for the last 40 years.  I do not, nor will I ever be in a position to compete with you in any market - I have a web site for 1 person seeking to make a living doing what I do well for an employer that wishes to hire me full time. You are an agency with high profile clients in business to work with new high

Mad Media LLC v. Brad Briscoe, etc., et al.
Case No. _____

profile clients."  Defendant's response then further stated, "To clarify – this is not a commercial site, not for revenue, not for retail/wholesale of any sorts.  It is solely for a portfolio of my work to seek full time employment."

16.     Based upon Briscoe's clear representations that he would not be using Mad Media or Bradmadmedia in commerce, or in any trademark sense, there were no further communications between Mr. Briscoe and Plaintiff.

17.     In early 2013, Mad Media filed an application with the USPTO to register its MAD MEDIA service mark.  Recently, in the summer of 2013, Mad Media received an office action from the USPTO trademark examiner indicating, in pertinent part, the likelihood of confusion with U.S. Registration No. 4,274,283. This brought to Mad Media's attention that Defendant Brad Briscoe not only has acted contrary to the express representations he made in August 2011 by using "Mad Media" and Bradmadmedia in commerce to promote his services as outlined above, but that Defendant Briscoe also had applied for and obtained in April 2013 a federal trademark registration No. 4,274,283 for BRADMADMEDIA from the United States Patent and Trademark Office, for "Advertising and publicity services, namely, promoting the goods, services, brand identity and commercial information and news of third parties through print, audio, video, digital and on-line medium."

18.     There are substantial similarities in the business names and marks, the services, and marketing channels of Plaintiff and Defendant.  Plaintiff Mad Media has never given written or oral consent or licensed Defendant to use its trade names or marks, or confusingly similar names or marks in any manner or form whatsoever.

19.     Pursuant to the Lanham Act, including 15 U.S.C.A. §1119, as the senior continuous user of the MAD MEDIA mark, Plaintiff Mad Media is entitled to seek cancellation of Defendant's BRADMADMEDIA trademark registration, USPTO No. 4,274,283.  Defendant's mark having only been registered this past April 2013, Mad Media may seek cancellation on any ground in the Lanham Act

Mad Media LLC v. Brad Briscoe, etc., et al.
Case No. _____

1  that would have barred registration in the first instance, including without

2  limitation, Mad Media's prior use, which was both widespread and continuous.

3      20.   The true names, conduct and capacities of the Defendants sued herein

4  as DOES 1 through 20 are presently unknown and therefore are sued by such

5  fictitious names.   Plaintiff will include the DOE Defendants' true names and

6  capacities when ascertained.   Each fictitiously named Defendant is responsible in

7  some manner, including, *inter alia*, as partners or affiliated entities, for the conduct

8  alleged herein and for the damages suffered by Plaintiff.

9      21.   At all times mentioned in all the causes of action alleged herein,

10 Plaintiff is informed and believes that each and every Defendant was the agent,

11 representative, affiliate, controlling party, or employee of each and every other

12 Defendant, and in doing the things alleged in the causes of action stated herein,

13 each and every Defendant was acting within the course and scope of such agency,

14 representation, affiliation, control or employment and was acting with the consent,

15 permission, or authorization of the other Defendants.

## FIRST CAUSE OF ACTION

### (Lanham Act §43(a) [15 U.S.C. §1125(a)] - Trade Names)

18      22.   Plaintiff incorporates by reference each and every allegation contained

19 in paragraphs 1 through 21, inclusive, as though set forth here in the entirety.

20      23.   Plaintiff has continuously done business under the trade name Mad

21 Media since the 1990s, and also has used the names Med Media Films, Mad Media

22 Design, and Mad Media Design & Advertising.   As alleged above, Plaintiff first

23 filed a fictitious business name statement for the trade name Mad Media with the

24 County of San Diego in August 1998, and did so again in August 2009.

25      24.   Plaintiff has built up valuable goodwill in its trade name Mad Media

26 and related trade names, which have come to be associated exclusively with

27 Plaintiff's business by the relevant public throughout the United States, as reflected

28 by Plaintiff's customer base, the revenues it has generated for over 15 years, and

the extensive promotion and coverage of Plaintiff's name and business on the Internet and in national and internationally available newspapers, journals, magazines, and other publications.

25.    Long after Plaintiff's adoption and use of Mad Media and related trade names, Defendant began doing business as Bradmadmedia and has used "Mad Media" alone in providing similar or related goods and services in southern California and elsewhere.

26.    The names and marks chosen and being used by Defendant are substantially similar to Plaintiff's trade names, and Defendant's use thereof is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Defendant and Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities.

27.    Defendant's continuing use of the confusingly similar trade names and marks constitute an infringement and violation of Plaintiff's rights in its trade name Mad Media and related trade names, and Defendant's use violates 15 U.S.C. §1125(a).

28.    As a result, Plaintiff has been and will continue to be damaged by loss of distinctiveness of its trade names, loss of business, and the false associations. Additionally, Defendant has or will unjustly benefit from such infringing use, and should be required to account and disgorge their profits.

29.    Unless restrained by this Court, Defendant threatens to and will continue to use Bradmadmedia, Mad Media, and confusingly similar variants in violation of Plaintiff's rights.   Defendant's continued use of confusingly similar trade names and marks will result in immediate direct and irreparable harm in that Plaintiff will lose the benefit of the distinctiveness of its names and the goodwill it has worked hard to build over 15 years, will lose business, and the public will

///

///

Mad Media LLC v. Brad Briscoe, etc., et al.
Case No. _____

continue to be misled, deceived or confused as to affiliation, connection, or association between Defendant and Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities.

30.   Plaintiff has no plain, speedy, or adequate remedy at law, because the public will continue to be confused and Plaintiff will continue to lose distinctiveness, goodwill, and business for so long as Defendant continues using confusingly similar trade names and marks.  Accordingly, Plaintiff is entitled to temporary, preliminary and permanent injunctive relief restraining Defendant's infringing uses.

31.   Defendant adopted and began using the infringing name and mark in commerce with full knowledge of Mad Media's prior use and superior rights. Plaintiff is entitled to all available relief under 15 U.S.C. §1117, including its costs and damages according to proof at trial, up to three times the actual damages shown.  Additionally, given the exceptional nature of Defendant's actions, Plaintiff is entitled to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### (California Common Law Unfair Competition - Trade Name)

32.   Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 31, inclusive, as though set forth here in the entirety.

33.   As alleged in the preceding paragraphs, Defendant's actions of advertising with and engaging in business using confusingly similar trade names and marks, while providing similar or related goods and services, violates Plaintiff's common law trade name rights and constitutes unfair competition.

34.   As a result, Plaintiff has been and will continue to be damaged by loss of distinctiveness of its trade names, loss of business, and the false associations. Additionally, Defendant has or will unjustly benefit from such infringing use, and should be required to account and disgorge its profits.

///

Mad Media LLC v. Brad Briscoe, etc., et al.
Case No. _____

35.   Unless restrained by this Court, Defendant threatens to and will continue to use Bradmadmedia, Mad Media, and confusingly similar variants in violation of Plaintiff's rights.  Defendant's continued use of confusingly similar trade names and marks, will result in immediate direct and irreparable harm in that Plaintiff will lose the benefit of the distinctiveness of its names and the goodwill it has worked hard to build over 15 years, will lose business, and the public will continue to be misled, deceived, or confused as to affiliation, connection, or association between Defendant and Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities.

36.   Plaintiff has no plain, speedy, or adequate remedy at law, because the public will continue to be confused and Plaintiff will continue to lose distinctiveness, goodwill, and business for so long as Defendant continues using confusingly similar trade names and marks. Accordingly, Plaintiff is entitled to temporary, preliminary and permanent injunctive relief restraining Defendant's infringing uses.

37.   Defendant adopted and began using the infringing name and mark in commerce with full knowledge of Mad Media's prior use and superior rights. Plaintiff is entitled to its damages in an amount to be proven at trial, its costs, and such further relief as Plaintiff is entitled under law and as the court deems proper.

### THIRD CAUSE OF ACTION

### (CA Business and Professions Code §14402 - Trade Name Infringement)

38.   Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 37, inclusive, as though set forth here in the entirety.

39.   As alleged in the preceding paragraphs, Defendant's actions of advertising with and engaging in business using confusingly similar trade names and marks, while providing similar or related goods and services, violates Plaintiff's trade name rights.

///

Mad Media LLC v. Brad Briscoe, etc., et al.
Case No. _____

40.     As a result, Plaintiff has been and will continue to be damaged by loss of distinctiveness of its trade names, loss of business, and the false associations. Additionally, Defendant has or will unjustly benefit from such infringing use, and should be required to account and disgorge its profits.

41.     Unless restrained by this Court, Defendant threatens to and will continue to use Bradmadmedia, Mad Media, and confusingly similar variants in violation of Plaintiff's rights.   Defendant's continued use of confusingly similar names and marks will result in immediate direct and irreparable harm in that Plaintiff will lose the benefit of the distinctiveness of its trade names and the goodwill it has worked hard to build over 15 years, will lose business, and the public will continue to be misled, deceived, or confused as to affiliation, connection, or association between Defendant and Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities.

42.     Plaintiff has no plain, speedy or adequate remedy at law, because the public will continue to be confused and Plaintiff will continue to lose distinctiveness, goodwill, and business for so long as Defendant continues using Plaintiff's mark and confusingly similar names and marks. Accordingly, Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief restraining Defendant's infringing uses.

43.     Defendant adopted and began using the infringing name and mark in commerce with full knowledge of Mad Media's prior use and superior rights. Plaintiff is entitled to its damages in an amount to be proven at trial, its costs, and such further relief as Plaintiff is entitled under law and as the court deems proper.

## FOURTH CAUSE OF ACTION

### (Lanham Act §43(a) [15 U.S.C. §1125(a)] - Service Marks)

44.     Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 43, inclusive, as though set forth here in the entirety.

///

45.   Since well before Defendant adopted and started using Bradmadmedia and "Mad Media," Plaintiff has continuously used the marks MADMEDIA and MAD MEDIA to distinguish and identify the source of its services such that the relevant public associates MADMEDIA and MAD MEDIA with Plaintiff.

46.   Plaintiff's word marks and stylized marks MADMEDIA and MAD MEDIA are inherently distinctive in relation to Plaintiff's services.   Plaintiff has never given written or oral consent or licensed Defendant to use its marks in any manner or form whatsoever.

47.   Plaintiff's lengthy and continuous use of its marks predates Defendant's confusingly similar use of BRADMADMEDIA, "Mad Media," and variants commercially as trademarks, which on information and belief, began only as early as late 2010.

48.   Defendant's use and advertising with the similar marks and names is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Defendant and Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff, and constitutes an infringement of Plaintiff's rights, and violates 15 U.S.C. §1125(a).

49.   As a result, Plaintiff has been and will continue to be damaged by loss of distinctiveness of its marks, loss of business, and the false associations. Additionally, Defendant has or will unjustly benefit from such infringing use, and should be required to account and disgorge its profits.

50.   Unless restrained by this Court, Defendant threatens to and will continue to use the confusingly similar marks and names in violation of Plaintiff's rights.   Defendant's continued use of confusingly similar marks (and trade names), will result in immediate direct and irreparable harm in that Plaintiff will lose the benefit of the distinctiveness of its marks and the goodwill it has worked hard to build over 15 years, will lose business, and the public will continue to be misled,

Mad Media LLC v. Brad Briscoe, etc., et al.
Case No. _____

deceived, or confused as to affiliation, connection, or association between Defendant and Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities.

51.   Defendant adopted and began using the infringing name and mark in commerce with full knowledge of Mad Media's prior use and superior rights. Accordingly, Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief restraining Defendant's infringing uses.

52.   Defendant adopted and began using the infringing name and mark in commerce with full knowledge of Mad Media's prior use and superior rights. Plaintiff is entitled to all available relief under 15 U.S.C. §1117, including its costs and damages according to proof at trial, up to three times the actual damages shown. Additionally, given the exceptional nature of Defendant's actions, Plaintiff is entitled to recover reasonable attorneys' fees.

## FIFTH CAUSE OF ACTION

### (California Common Law Unfair Competition and Infringement - Service Marks)

53.   Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 52, as though set forth here in the entirety.

54.   As alleged in the preceding paragraphs, Defendant's actions of advertising and use of marks (and names) confusingly similar to Plaintiff's common law service marks, including MADMEDIA and MAD MEDIA, damages Plaintiff, confuses and deceives the public, and constitutes unfair competition under California law.

55.   As a result, Plaintiff has been and will continue to be damaged by loss of distinctiveness of its marks, loss of business, and false associations. Additionally, Defendant has or will unjustly benefit from such infringing use, and should be required to account and disgorge its profits.

///

56.    Unless restrained by this Court, Defendant threatens to and will continue to use the confusingly similar marks and names in violation of Plaintiff's rights.  Defendant's continued use of confusingly similar marks and names, will result in immediate direct and irreparable harm in that Plaintiff will lose the benefit of the distinctiveness of its marks and the goodwill it has worked hard to build over 15 years, will lose business, and the public will continue to be misled, deceived or confused as to affiliation, connection, or association between Defendant and Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities.

57.    Plaintiff has no plain, speedy, or adequate remedy at law, because the public will continue to be confused and Plaintiff will continue to lose distinctiveness, goodwill, and business for so long as Defendant continues using confusingly similar trade names and marks. Accordingly, Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief restraining Defendant's infringing uses.

58.    Defendant adopted and began using the infringing name and mark in commerce with full knowledge of Mad Media's prior use and superior rights. Plaintiff is entitled to its damages in an amount to be proven at trial, its costs, and such further relief as Plaintiff is entitled under law and as the court deems proper.

## SIXTH CAUSE OF ACTION

### (California Business and Professions Code §17200 et seq. –
### Unfair Competition)

59.    Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 58, as though set forth here in the entirety.

60.    The acts of Defendant complained of herein constitute unfair competition under Cal. Bus. & Prof. Code §17200, for which Plaintiff has been damaged.

///

Mad Media LLC v. Brad Briscoe, etc., et al.
Case No. _____

61.   By these acts, Defendant has caused, and is continuing to cause irreparable harm to Plaintiff, and Plaintiff is entitled to restitution in an amount to be determined by this court. Further, by its actions, Defendant has irreparably injured the consumer recognition and goodwill associated with Plaintiff's goods and services, Plaintiff's trade names and Plaintiff's marks, and such injury will continue unless enjoined by this Court.

## SIXTH CAUSE OF ACTION

### (Declaration of Rights and Cancellation of Defendant's Federal Trademark Registration – 15 U.S.C. §1119)

62.   Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 61, as though set forth here in the entirety.

63.   Plaintiff Mad Media has asserted a challenge to Plaintiff's federal trademark registration No. 4,274,283, as alleged herein.

64.   Plaintiff seeks and is entitled to a declaration of rights, and cancellation of Defendant's BRADMADMEDIA trademark registration No. 4,274,283, pursuant to 15 U.S.C.A. §1119.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant to Rule 38(a) of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against Defendant, and each of them, as follows:

1.   For an order requiring Defendant to show cause, if any, why he should not be enjoined as set forth below, during the pendency of this action; and

2.   That Defendant, and his/its affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those acting in concert or participation with Defendant, and each of them, be preliminarily and permanently restrained and enjoined from:

Mad Media LLC v. Brad Briscoe, etc., et al.
Case No. _____

a.    Directly or indirectly using MAD MEDIA, MADMEDIA, BRADMADMEDIA, or any other word, term, name, symbol, or device, or any combination thereof, that is similar to or the same as Plaintiff's names or marks or likely to cause confusion, mistake or deception, including on Defendant's websites or webpages or social media, including but not limited to YouTube, Facebook, Twitter, and LinkedIn; and

b.    From continuing the acts of trade name and service mark infringement alleged herein; and

c.    From continuing acts of unfair competition alleged herein; and

d.    From doing any other act or thing calculated or likely to cause confusion, mistake, or deception among the trade or public as to the origin, sponsorship, or approval of Defendant's services or commercial activities by Plaintiff; and

e.    From registering or attempting to register MAD MEDIA, MADMEDIA, BRADMADMEDIA, or any other word, term, name, symbol, or device, or combination thereof, similar to or the same as Plaintiff's mark likely to cause confusion, mistake, or deception; and

3.    That all labels, signs, prints, packages, flyers, mailers, cards, and other advertisements containing MAD MEDIA, MADMEDIA, BRADMADMEDIA, or any confusingly similar name or mark in the possession of Defendant, his affiliates, subsidiaries, officers, agents, servants, or employees, attorneys, or successors be delivered and destroyed; and

4.    That Defendant be directed to file a written report signed under oath setting forth in detail the manner and method in which Defendant has complied with the injunction; and

5.    That Defendant be required to account to Plaintiff for any and all profits derived by Defendant or the sale of goods and services by the infringement ///

15

and unfair competition, and for all damages sustained by Plaintiff by reason of the acts complained of herein; and

6.      That Plaintiff recover three times its damages sustained as a result of Defendant's trademark infringement and unfair competition and recover three times the Defendant's profits arising from Defendant's acts, as alleged herein, and that the Court exercise its discretion to enter judgment for additional sums as the Court shall find just; and

7.      For an award of restitution in an amount determined by the court; and

8.      That the court award exemplary damages against Defendant in a sum deemed just as a result of Defendant's willful, deliberate, and intentional acts of infringement, use of false and misleading designations, and other unfair competition practices and unlawful business practices; and

9.      For an order canceling Defendant's federal trademark registration No. 4,274,283, pursuant to 15 U.S.C.A. §1119; and

10.      That Plaintiff recover from Defendant its attorneys' fees and costs; and

11.      That the Court award such other and further relief as deemed just and proper.

DATED: August 29, 2013                    DUCKOR SPRADLING METZGER &
                                          WYNNE
                                          A Law Corporation


                                          By: /s/ Douglas W. Lytle
                                          _____
                                          JOHN C. WYNNE
                                          DOUGLAS W. LYTLE
                                          Attorneys for Plaintiff
                                          Mad Media LLC, a California limited
                                          liability company

Mad Media LLC v. Brad Briscoe, etc., et al.
Case No. _____

1

## <u>TABLE OF CONTENTS  OF EXHIBITS</u>

2

3
Exhibit 1:    Plaintiff's marks ................................................................ 1

4
Exhibit 2:    Samples of Plaintiff's prior and continuous use .............................. 9

5
Exhibit 3:    Bradmadmedia portfolio ....................................................... 25

6
Exhibit 4:    Bradmadmedia California locations ........................................... 37

7
Exhibit 5:    madfunzone.com ................................................................ 38

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mad Media LLC v. Brad Briscoe, etc., et al.
Case No. _____